Filed 7/26/16  P. v. Strong CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C081033 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F04577) |
| v. | |
| BENAMMI YACOB STRONG, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Benammi Yacob Strong has asked us to review the record for error pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We find no error that would result in a disposition more favorable to defendant, but modify the judgment to correct an error in calculation of conduct credit.

1

# BACKGROUND

On July 1, 2015, defendant confronted the victim in the driveway of his house, pointed a handgun at him, and demanded his money. Defendant took the victim's wallet and cell phone and fled the scene. Three weeks later, defendant was arrested on outstanding warrants. Two days later, the victim positively identified defendant as the robber. The victim also identified the gun defendant had used from a photograph of the gun, which defendant had in his possession.

Defendant entered a negotiated plea of no contest to second degree robbery (Pen. Code, § 211)[1] and admitted that he personally used a firearm (§ 12022.53, subd. (b)) in exchange for a stipulated state prison sentence of 12 years and dismissal of the charges in two additional cases (Nos. 15F04025 and 15F03380).

The court sentenced defendant accordingly, that is, the low term of two years in state prison for the robbery plus a consecutive 10-year term for the firearm use enhancement.

Defendant appeals. The trial court granted defendant's request for a certificate of probable cause. (§ 1237.5.)

---

[1] Further undesignated statutory references are to the Penal Code.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.[2]  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

However, an error in the calculation of conduct credit has resulted in an unauthorized sentence.  The trial court awarded 121 actual days and 120 conduct days for a total of 241 days of presentence custody credit.  Defendant was convicted of a violent felony, robbery (§ 667.5, subd. (c)(9)), which limits his conduct credit to 15 percent (§ 2933.1).  Defendant was only entitled to 18 days of conduct credit in addition to 121 days of actual credit for a total of 139 days of presentence custody credit.  We modify the judgment accordingly.  (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

---

[2]  Counsel did not include the required summary of the facts of the case, claiming it was not included because there was no preliminary hearing or trial.  But there was a factual basis given for the plea, as well as the statement of facts recounted in the probation report to which defense counsel had no objection when asked by the trial court.  Counsel is required to provide a summary of the facts with citations to the record on appeal (Cal. Rules of Court, rule 8.204(a)(2)(C) & 8.360(a)) and her failure to do so here is unacceptable.

## DISPOSITION

The judgment is modified to reduce the amount of presentence custody credit as set forth in this opinion. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment accordingly and to forward a certified copy to the Department of Corrections and Rehabilitation.

         /s/
Duarte, J.


We concur:


    /s/
Butz, Acting P. J.


    /s/
Murray, J.

4